IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GINGER L. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-908-O-BP |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Ginger Edwards ("Edwards") filed her complaint on August 31, 2023. ECF No. 1. According to the docket sheet, Edwards paid the filing fee on September 7, 2023. On September 12, 2023, the Court notified Edwards of her responsibility to serve Defendants with a summons and copy of the Complaint within ninety days after the filing or risk dismissal of her case under Federal Rule of Civil Procedure 4(m). ECF No. 9. The record shows that Edwards has not served process on the Defendants named in the Complaint.

On December 4, 2023, the Court ordered Edwards to show cause on or before January 2, 2024, why this case should not be dismissed for failure to perfect service. ECF No. 12. The Court again warned Edwards that if she did not timely show cause, "the undersigned may recommend dismissal of her causes of action against the Defendants." *Id*. To date, Edwards has not complied with the deadline for service of process under Federal Rule of Civil Procedure 4(m) and the Court's subsequent order (ECF No. 12).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof

of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [her] failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Edwards did not serve process on Defendants in a timely fashion under Federal Rule of Civil Procedure 4, nor did she show cause why the case should not be dismissed for failure to serve the Defendants as the Court ordered. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS without prejudice** Edwards's claims under Fed. R. Civ. P. 4(m) for failure to timely serve process on the Defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 3, 2024.

                                                  _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE